NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-957

COMMONWEALTH

vs.

GREGORY LAMONTAGNE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Gregory Lamontagne, appeals from a judgment of the Superior Court.  He challenges the denial of his pretrial motion to dismiss a seven-count indictment against him,[1] arguing that "[t]he integrity of the [g]rand [j]ury proceedings was

---

[1] In October 2019, a grand jury for the county of Worcester returned an indictment against the defendant alleging seven counts:  aggravated rape of a child, G. L. c. 265, § 23A (b) (count I); rape, G. L. c. 265, § 22 (b) (count II); incest, G. L. c. 272, § 17 (count III); indecent assault and battery on a person over the age of fourteen, G. L. c. 265, § 13H (count IV); assault and battery with a dangerous weapon, G. L. c. 265, § 15A (b) (count V); strangulation or suffocation, G. L. c. 265, § 15D (b) (count VI); and intimidation of a witness, G. L. c. 268, § 13B (count VII).  In October 2023, following a jury trial in the Superior Court, the defendant was convicted of count V only and was sentenced to two years of supervised probation with the condition, inter alia, to stay away from, and have no contact with, the alleged victim.

impaired" because the Commonwealth failed to present purportedly exculpatory evidence, namely, testimony elicited during the defendant's bail revocation hearing, which the defendant claims would have likely affected the grand jury's decision to indict him.  We affirm.

Before the defendant was indicted, the Commonwealth filed a motion to revoke the defendant's bail, asserting that the defendant violated his conditions of release by failing to stay away from the alleged victim.[2]  An evidentiary hearing was held on the Commonwealth's motion where conflicting testimony was given as to whether the defendant violated the stay away order by driving to the alleged victim's school and watching the alleged victim in the parking lot as she was leaving.  At the conclusion of the hearing the Commonwealth's motion was denied. As a result, the defendant asserts that the testimony at the hearing suggesting that he was not present at the school, provided by both his girlfriend and his sister, amounted to exculpatory impeachment evidence because it contradicted the alleged victim's testimony.  The defendant, therefore, argues that the Commonwealth was required to present this contradictory testimony to the grand jury during its grand jury presentment,

---

[2] After the defendant was arraigned, he posted bail in the amount of $5,000 dollars.

2

and that the Commonwealth's failure to do so was prejudicial error.  The argument is meritless.

To be sure, "[n]o comprehensive rule delineates what constitutes impairment of the grand jury process."  Commonwealth v. Ali, 43 Mass. App. Ct. 549, 556 (1997), citing Commonwealth v. Pond, 24 Mass. App. Ct. 546, 550 (1987).  However, "[t]o support a claim that the integrity of the grand jury proceedings has been impaired, the evidence (1) must have been given with the knowledge that it was false or deceptive, (2) must have been given with the intention of obtaining the indictment, and (3) must probably have influenced the grand jury's determination to hand up the indictment" (citation omitted).  Ali, supra at 556-557"The defendant has the burden of demonstrating these factors."  Id. at 557.  Moreover, "[a] prosecutor is not required to present all exculpatory evidence to a grand jury, but must disclose evidence that would greatly undermine the credibility of evidence likely to affect the grand jury's decision to indict" (quotations and citations omitted).  Id.

Here, the defendant does not challenge any of the evidence presented to the grand jury, but instead contends that the testimony elicited at his bail revocation hearing ultimately undermined the alleged victim's credibility so severely that its absence from the Commonwealth's grand jury presentment likely affected the grand jury's decision to indict him.  This argument

3

fails for two reasons.  First, it was not established, as the defendant asserts, that the alleged victim testified untruthfully at the bail revocation hearing.  Rather, the hearing judge explicitly found the alleged victim to be credible but noted that she may have been honestly mistaken that she saw the defendant at her school when testifying at the bail revocation hearing.  Second, and more importantly, the testimony at the revocation hearing solely concerned whether the defendant violated his conditions of release and had no bearing on the evidence presented to the grand jury, which sought only to establish the existence of probable cause to arrest the defendant for the crimes charged.  See Commonwealth v. Maggio, 414 Mass. 193, 198-199 (1993).  Therefore, because the defendant fails to identify any exculpatory evidence "that would greatly undermine the credibility of evidence likely to affect the grand jury's decision to indict," the defendant cannot meet his burden to show that the integrity of the grand jury proceedings was impaired (quotations and citation omitted).  Ali, 43 Mass. App.

Ct. at 557.  Accordingly, the judge did not err in denying the defendant's motion to dismiss the indictment.

Judgment affirmed.

By the Court (Desmond,
  Sacks & Brennan, JJ.[3]),

*Paul Little*

Clerk

Entered:  May 8, 2025.

---

[3] The panelists are listed in order of seniority.